UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAAC MARVIN JOHNSON,

Defendant.

Case No. 2:18-cr-00020-JLS-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ ~~the Director of the Bureau of Prisons~~ for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ ~~GRANTED~~

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____
_____

☐ ~~DEFERRED~~ pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED after complete review of the motion on the merits**.

☒ FACTORS CONSIDERED

Defendant has met the exhaustion requirement of § 3582(c)(1)(A).  (*See* Mot. at 4 & Ex. A.)

Defendant does not qualify for compassionate release based on medical conditions.  As is true for well over half of the inmates at his facility of incarceration, Defendant was infected with but recovered from COVID-19.  He argues that he established an "extraordinary and compelling reason" supporting compassionate release based on reports of a general possibility of post-infection inflammation of the heart (myocarditis), on anecdotal reports of recovered patients being re-infected with COVID-19, on infection rates previously reported at his facility, and on his health conditions (*See* Mot. at 3, 7, 9-10, 12.)

According to BOP Medical Records, Defendant is a healthy 36-year-old man.  (*See generally* Doc. 134, BOP Med. Records (sealed).)  In his cover letter, Defendant reports a history of asthma and hypertension, but the record is mixed on whether Defendant suffers from these conditions, and the record is silent as to their severity.  (*Compare* Doc. 129 at 3 (referring to asthma and high blood pressure) *and* PSR ¶ 61 (self-reporting asthma and shortness of breath) *with* BOP Med. Records at 14 (reporting no history of asthma), *id.* at 3, 9 (denying hypertension) *id.* at 12 (blood pressure normal at 125/78 on Oct. 29, 2019), *id.* at 48 (similar on Aug. 4, 2020), *but see id.* at 41 (blood pressure higher at 141/80 on Sept. 2, 2020.)

On May 7, 2020, Defendant tested positive for COVID-19.  (*See* Mot. at 3, 7; BOP Med. Records at 25.)  His illness resolved without serious symptoms.  (*See* Mot. at 7; BOP Med. Records at 52-53 (notes from May 10 through May 21, 2020 stating each day that "[i]nmate denies cough, [shortness of breath], muscle pain, fatigue, sore throat, [headache], new loss of taste and smell and/or chills").)  Indeed, the only symptom Defendant reported was a headache on May 8 and May 9.  (*Id.* at 53.)

Since that time, on September 2, 2020, Defendant was seen for intermittent chest pain, shortness of breath, and lower back pain over the preceding month.  (*Id.* at 39.)  Nevertheless, at that time, his heart rate was measured at 84 and his oxygen saturation was 100% on room air.  (*Id.*)  A follow-up chest x-ray taken September 11, 2020 showed no abnormalities.  (*Id.* at 79.)  Defendant also had an EKG taken on September 14, 2020, and no abnormal findings were noted.  (*Id.* at 73.)  Since that time, there is no indication that these symptoms returned or that they were caused by any serious underlying condition.[1]

On this record, Defendant has not established an "extraordinary and compelling reason" for a reduction in sentence.  The threat that he might develop myocarditis is purely speculative.  Moreover, as a general matter, concerns regarding contracting COVID-19 while incarcerated do not justify an inmate's release or reduction in sentence.  *See, e.g., United States v. Drobot*, Case No.

---

[1] The BOP Medical Records were generated on October 21, 2020, over a month-and-a-half after the September 2, 2020 office visit.

4

8:14-cr-00034-JLS (C.D. Cal. July 21, 2020) (Doc. 330); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . [b]ut the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Franklin*, No. 07-CR-178 (JDB), 2020 WL 4049917, at *2 (D.D.C. July 20, 2020) (rejecting argument "that COVID-19 is by itself an 'extraordinary and compelling reason' warranting compassionate release"); *Briggs v. United States*, No. 4:17-CR-33, 2020 WL 4032136, at *2 (E.D. Va. July 16, 2020) (acknowledging "the magnitude of the COVID-19 pandemic and its effect on prisons," but nevertheless concluding that "the pandemic alone does not warrant compelling and extraordinary reasons for the release of all inmates"); *United States v. Wade*, No. 5:15-CR-00458-EJD-1, 2020 WL 3254422, at *2 (N.D. Cal. June 16, 2020) ("[G]eneralized concerns about COVID-19, without other factors showing present extraordinary and compelling reasons to warrant modification of a sentence and immediate release from custody, are insufficient."). Defendant's medical conditions are insufficient to alter this general conclusion. And in any event, at this point in time, having suffered disproportionately during the summer, it appears that efforts to control the spread of the virus at FCI Lompoc have become more effective: Despite Defendant's representation to the contrary,[2] the BOP currently reports no active COVID-19 cases among the inmates or staff there. (*See* https://www.bop.gov/coronavirus/index.jsp (data as of November 24, 2020).)

      Defendant also notes that his child's mother has been diagnosed with cancer, but a reduction in sentence based on the need to care for minor children requires "[t]he death or incapacitation" of the child's caretaker. USSG § 1B1.13 cmt 1(C). It is not enough that Defendant, if released, might be in a better position to care for the child. (*Cf.* Mot. at 14-15.)

      And the Court determines that no combination of Defendant's health, family circumstances, and the ongoing COVID-19 pandemic is sufficient to establish an "extraordinary and compelling reason" for release under the "other reasons" provision of the compassionate release policy statement. *See* USSG § 1B1.13, cmt 1(D); (*cf.* Mot. at 6-7).

      Moreover, even if Defendant were to establish an "extraordinary and compelling reason" for his release, the Court would deny release because the relevant § 3553(a) factors and the danger-to-the-community inquiry of 18 U.S.C. § 3142(g) counsel in favor of continued incarceration.

      The nature of Defendant's offense is serious. Defendant was convicted of selling firearms without a license, which is a dangerous offense. Additionally, Defendant's offense conduct included the sale of a number of firearms that were untraceable because they were without serial numbers. (*See* PSR ¶¶ 12-19.) As for the character of the defendant, Defendant argues that he is a first-time non-violent offender without any disciplinary infractions in prison. (*See* Mot. at 13.)

---

[2] (*See* Doc. 144, Reply at 7-8.)

However, although Defendant's conviction here is reportedly his first felony, he has repeated misdemeanor convictions that placed him in Criminal History Category III when he was sentenced.  (*See* PSR ¶¶ 39-44.)  These factors also weigh into the Court's danger-to-the-community inquiry under § 3142(g), and the Court cannot conclude on the present record that Defendant has established that he is no longer a danger to the community.

Defendant's Motion for Compassionate Release is DENIED.

☐ ~~DENIED WITHOUT PREJUDICE~~ because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:    November 30, 2020

_____
Hon. Josephine L. Staton
UNITED STATES DISTRICT JUDGE

6